**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
                                (State)

Case number (if known): 18-_____ Chapter 11

☐ Check if this is an
   amended filing

# Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy                    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's name** | Aralez Pharmaceuticals US Inc. |

| | |
|---|---|
| **2. All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |

| | |
|---|---|
| **3. Debtor's federal Employer Identification Number** (EIN) | 47-4626948 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 400 Alexander Park Drive <br> Number   Street | Number   Street |
| | P.O. Box |
| Princeton   New Jersey   08540 <br> City   State   ZIP Code | City   State   ZIP Code |
| Mercer County <br> County | **Location of principal assets, if different from principal place of business** |
| | See Attachment A <br> Number   Street |
| | City   State   ZIP Code |

| | |
|---|---|
| **5. Debtor's website** (URL) | https://aralez.com/ |

| | |
|---|---|
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | Aralez Pharmaceuticals US Inc. | Case number (if known) 18- |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
3254

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor  See Attachment A  Relationship  Affiliate

District  Southern District of New York  When  Date Hereof
MM / DD / YYYY

Case number, if known  Pending

| Debtor | Aralez Pharmaceuticals US Inc. | Case number *(if known)* 18- |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number       Street

_____

_____
City                                    State       ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors\***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets\***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor  Aralez Pharmaceuticals US Inc. _____    Case number *(if known)* 18-_____
Name

---

**16. Estimated liabilities\***

☐ $0-$50,000                  ☐ $1,000,001-$10 million              ☐ $500,000,001-$1 billion
☐ $50,001-$100,000            ☐ $10,000,001-$50 million            ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000           ☐ $50,000,001-$100 million           ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million         ☒ $100,000,001-$500 million          ☐ More than $50 billion

---

\* Information provided on a consolidated basis, and based on financial statements as of June 30, 2018.

| ██ **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING** --    Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.   Declaration and
signature of
authorized
representative of
debtor**

■   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in
this petition.

■   I have been authorized to file this petition on behalf of the debtor.

■   I have examined the information in this petition and have a reasonable belief that the information is
true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08 / 10 / 2018
              MM / DD / YYYY

✘ /s/ Michael Kaseta _____          Michael Kaseta _____
Signature of authorized representative of debtor       Printed name

Title  Authorized Signatory _____

---

**18.   Signature of attorney**

✘ /s/ Paul V. Shalhoub _____          Date   08 / 10 / 2018 _____
Signature of attorney for debtor                       MM / DD / YYYY

Paul V. Shalhoub _____
Printed name

Willkie Farr & Gallagher LLP _____
Firm name

787            Seventh Avenue _____
Number         Street

New York _____          NY _____   10019 _____
City                                       State       ZIP Code

(212) 728-8000 _____          pshalhoub@willkie.com _____
Contact phone                              Email address

2492858 _____          New York _____
Bar number                                 State

---

## <u>ATTACHMENT A TO VOLUNTARY PETITION</u>

### 1.   Pending Bankruptcy Cases Filed by Affiliates of the Debtor

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (collectively, the "**Debtors**"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.[1]

| |
|---|
| Aralez Pharmaceuticals US Inc. |
| Aralez Pharmaceuticals Holdings Limited |
| Aralez Pharmaceuticals Management Inc. |
| Aralez Pharmaceuticals R&D Inc. |
| Aralez Pharmaceuticals Trading Designated Activity Company |
| Halton Laboratories LLC |
| POZEN Inc. |

Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that this Court consolidate their chapter 11 cases for procedural purposes only.

---

[1]    On the date hereof, the Debtors' ultimate parent company, Aralez Pharmaceuticals Inc., and the Debtors' affiliate, Aralez Pharmaceuticals Canada Inc., commenced plenary restructuring proceedings in the Ontario Superior Court of Justice (Commercial List) under the *Companies' Creditors Arrangement Act*.

**2.  Location of the Debtors' Principal Assets (on a Consolidated Basis)**

    a.  Certain material contracts, which generate a significant portion of the Debtors' revenues, are governed by New York law.

    b.  The Debtors' stock certificates are held by Deerfield Partners, L.P. and Deerfield Private Design Fund III, L.P. in a safe located in their offices at the following address:

        780 Third Avenue
        37th Floor
        New York, NY 10017

    c.  The Debtors have funded retainers for certain professionals held in bank accounts located in New York City.

    d.  The Debtors lease office space at the following locations:

        3 Columbus Circle
        Suite 1710
        New York, NY 10019

        400 Alexander Park Drive
        Princeton, NJ 08540

        555 East Lancaster Avenue
        Suite 540
        Radnor, PA 19087

        2 Hume Street
        Fourth Floor
        Dublin 2
        D02 FT82
        Ireland

# OMNIBUS WRITTEN CONSENT

## OF

## THE BOARD OF DIRECTORS

## OF

## THE ENTITIES LISTED IN SCHEDULE I HERETO

### August 9, 2018

The undersigned, constituting all of the members of the Board of Directors (the "<u>Board</u>") of each entity listed in Schedule I hereto (each entity, a "<u>Company</u>" and together, the "<u>Companies</u>"), hereby consent, pursuant to the Delaware General Corporation Law (the "<u>DGCL</u>"), to the adoption of the resolutions set forth below, effective as of the date set forth above unless otherwise indicated below, and that such resolutions be taken without a meeting pursuant to Section 141(f) of the DGCL:

**WHEREAS**, as a result of the financial condition of the Company, the Board has engaged counsel and financial advisors to provide advice to the Company regarding its obligations to its creditors, equity holders, employees and other interested parties;

**WHEREAS**, the Board has reviewed and considered, among other things, the advice of its counsel and financial advisors and has considered the options available to the Company, and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily files a petition (a "<u>Petition</u>") for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

**WHEREAS**, after consultation with its counsel and financial advisors, the Board believes that it is advisable and in the best interests of the Company to enter into and obtain loans pursuant to the DIP Credit Agreement (as defined herein) and to consummate the transactions contemplated thereby.

**NOW THEREFORE**, it is hereby:

**RESOLVED**, that the filing by the Company of its Petition, in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), substantially in the form previously presented to the Board is hereby approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that Michael Kaseta is hereby appointed the designated agent of the Company (the "<u>Authorized Signatory</u>") with full power and authority to act on behalf of the Company with respect to the matters covered by these resolutions; and it is further

**RESOLVED**, that the Authorized Signatory and the officers of the Company, including any president, vice president, chairman, managing director, executive vice president, chief executive officer, chief financial officer, treasurer, secretary or assistant secretary

(collectively, with the Authorized Signatory, the "Authorized Persons") be and they hereby are authorized, empowered and directed to execute and file a Petition on behalf of the Company in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

> **RESOLVED**, that each of the Authorized Persons be and they hereby are authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petition or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Petition or the Company chapter 11 case, with a view to the successful prosecution of such case; and it is further

> **RESOLVED**, that the Company is authorized to employ the law firm of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019, as bankruptcy counsel to render legal services to, and to represent, the Company in its chapter 11 case and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

> **RESOLVED**, that the Company is authorized to employ Alvarez & Marsal Healthcare Industry Group, LLC, located at 600 Madison Avenue, 8th Floor, New York, New York 10022, as restructuring and financial advisors for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

> **RESOLVED**, that the Company is authorized to employ Moelis & Company, located at 399 Park Avenue, 5th Floor, New York, New York 10022, as investment banker for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

> **RESOLVED**, that the Company is authorized to employ RSM US LLP, located at 379 Thornall Street, 2nd Floor, Edison, New Jersey 08837, as tax advisor for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

> **RESOLVED**, that the Company is authorized to employ Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, New York 10022, as claims, noticing, and solicitation agent for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

> **RESOLVED**, that each of the Authorized Persons be and they hereby are authorized, empowered and directed to retain on behalf of the Company such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company in connection with its chapter 11 case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED**, that the form, terms and provisions of (i) that certain Senior Secured Super-Priority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), by and among the Companies, Halton Laboratories LLC, Aralez Pharmaceuticals Trading Designated Activity Company and Aralez Pharmaceuticals Holdings Limited, the lenders from time to time party thereto and Deerfield Management Company, L.P., as administrative agent and as collateral agent (the "DIP Agent"), substantially in the form presented to the Board, with such changes therein and additions thereto as the Authorized Person(s) executing the same shall approve, the execution thereof by an Authorized Person to be deemed conclusive evidence of such approval, whereby the lenders party thereto agree to extend loans to the Companies and their debtor U.S. and Irish incorporated affiliates, and (ii) the other Loan Documents (as hereinafter defined), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Person(s) in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the other Loan Documents, and the performance by the Company of its obligations thereunder, including the granting, ratification or reaffirmation of any security interest, mortgage or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Credit Agreement and the other Loan Documents, hereby are expressly authorized, adopted, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of the Company, the DIP Credit Agreement and various other documents, agreements, instruments, questionnaires, papers or writings, as such Authorized Person determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the DIP Credit Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively, the "Loan Documents"), in each case, with such changes, additions, modifications, and terms as the Authorized Person(s) executing the Loan Documents shall approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter

3

created providing collateral security for payment or performance of the obligations thereunder; and it is further

RESOLVED, that each of the Authorized Persons are hereby authorized, directed and empowered, for and on behalf of and in the name of the Company to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Company, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent as security for the obligations under the DIP Credit Agreement and the other Loan Documents; and it is further

RESOLVED, that to the extent that the approval of the Company in its capacity as a stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner or member of any person is required for the Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Credit Agreement or the other Loan Documents, the Company hereby consents thereto; and it is further

RESOLVED, that the key employee retention plans (the "KERP"), in substantially the forms presented to the Board, and the Company's performance of its obligations thereunder are hereby authorized, approved and ratified in all respects, subject to Bankruptcy Court approval, and each of the Authorized Persons be, and hereby is, authorized and directed to execute and deliver the KERP with such changes, additions and deletions thereto, as such Authorized Person deems necessary or advisable, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, in each case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that each of the Authorized Persons is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Person(s) to be deemed conclusive evidence of the approval by the Company of the terms, provisions and conditions thereof; and it is further

RESOLVED, that any and all past actions heretofore lawfully taken by any officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

## <u>OMNIBUS RESOLUTION</u>

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to do and perform all such further acts and things, to execute and/or deliver, and, where necessary or appropriate, file with the appropriate governmental authorities, all such certificates, agreements, documents, instruments, instruments of transfer, receipts and other papers, and to make all such payments and to pay all such taxes and assessments, as any one or more of them, in their sole discretion, shall approve or deem to be necessary or appropriate in order to carry out, comply with and effectuate the restructuring of the Company, the foregoing resolutions and the transactions contemplated thereby, the taking of such actions to be conclusive evidence of the necessity or appropriateness thereof.

*[Signature page to follow]*

**IN WITNESS WHEREOF**, the undersigned directors of each Company have duly executed this Omnibus Written Consent as of the date first written above.

**ARALEZ PHARMACEUTICALS MANAGEMENT INC.**

/s/ Adrian Adams
Adrian Adams

**ARALEZ PHARMACEUTICALS R&D INC.**
**ARALEZ PHARMACEUTICALS US INC.**
**POZEN INC.**

/s/ Andrew I. Koven
Andrew I. Koven

[Signature Page to Omnibus Board Resolutions]

## Schedule I

Aralez Pharmaceuticals Management Inc.

Aralez Pharmaceuticals R&D Inc.

Aralez Pharmaceuticals US Inc.

POZEN Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Aralez Pharmaceuticals US Inc., | : | Case No. 18-_____ (      ) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

---------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty largest unsecured claims against Aralez Pharmaceuticals US Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**").  This list has been prepared based upon the books and records of the Debtors.  The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.  The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors.  The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

**Fill in this information to identify the case:**

Debtor name: Aralez Pharmaceuticals US Inc., et al.

United States Bankruptcy Court for the: Southern          District of New York
                                                                                    (State)

Case number (if known): 18-

Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | AstraZeneca AB Forskargatan 18 SE-151 85 Sodertalje Sweden, 151 85 Sweden | William Mongan VP, Product Development  EMAIL: william.mongan@astrazeneca.com  Mariam Koohdary Deputy General Counsel  EMAIL: mariam.koohdary@astrazeneca.com | Trade Payable | | | | $14,000,000.00 |
| 2 | GHG Summit LLC PO Box 783346 Philadelphia, PA 19178-3346 United States | Jessica Schaffer  PHONE: 973-352-1022 EMAIL: jessica.schaffer@ogilvy.com | Trade Payable | | | | $486,529.55 |
| 3 | Healix Inc. PO Box 74008223 Chicago, IL 60674-8223 United States | Kristina Meissner  PHONE: 402 965-4860 EMAIL: Kristina.Meissner@interpublic.com | Trade Payable | | | | $111,662.03 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | MSD Ireland Brinny Brinny, Innishannon Cork, Ireland | Maureen Butler EMAIL: maureen.butler@merck.com | Trade Payable | | | | $338,893.95 |
| 5 | Employee 1 Severance | | Severance | | | | $310,879.90 |
| 6 | Patheon Pharmaceuticals Inc. 2110 E. Galbraith Rd. Cincinnati, OH 45237 United States | Michael Thompson PHONE: 919-226-3119 EMAIL: Michael.Thompson@Patheon.com | Trade Payable | | | | $303,720.00 |
| 7 | EMKAY 805 W Thorndale Avenue Itasca, IL 60143 United States | Jessica Jewell PHONE: 630-775-6472 EMAIL: JJewell@emkay.com | Trade Payable | | | | $231,225.70 |
| 8 | Ernst & Young US LLP Wells Fargo Bank, NC c/o Ernst & Young US LLP P.O. Box 933514 Atlanta, GA 31193-3514 United States | Anthony Szymelewicz PHONE: 215-448-5850 EMAIL: Anthony.Szymelewicz@ey.com | Trade Payable | Contingent, Unliquidated | | | $160,000.00 |
| 9 | Almac Pharma Services 2661 Audubon Road Audubon, PA 19403 United States | Mary Booth PHONE: 610-666-9500 EMAIL: mary.booth@almacgroup.com | Trade Payable | Contingent, Unliquidated | | | $151,851.00 |
| 10 | Source Healthcare Analytics, LLC P.O. Box 277158 Atlanta, GA 30384-7158 United States | Kristen Duva PHONE: 215-444-8727 EMAIL: accounts.receivable@symphonyhealth.com | Trade Payable | | | | $129,855.92 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 Eagle Pharmacy LLC 350 Eagles Landing Drive Dock 91 Lakeland, FL 33810 United States | Kamaria Jordan PHONE: 863-825-4154 EMAIL: kjordan@eaglepharmacy.com | Trade Payable | Contingent, Unliquidated | | | $125,000.00 |
| 12 Frontida BioPharm Inc. 7722 Dungan Road Philadelphia, PA 19111 United States | Amy Bathurst PHONE: 215-697–1725 EMAIL: Amy.Bathurst@frontidabiopharm.com | Trade Payable | Contingent, Unliquidated | | | $116,071.84 |
| 13 Employee 3 Severance | | Severance | | | | $112,784.46 |
| 14 Employee 4 Severance | | Severance | | | | $104,554.82 |
| 15 QPharma, Inc. 22 South Street Morristown, NJ 07960 United States | Reno Amadori PHONE: 973-656-0011 EMAIL: reno.amadori@qpharmacorp.com | Trade Payable | | | | $103,128.72 |
| 16 Employee 5 Severance | | Severance | | | | $103,076.48 |
| 17 Employee 6 Severance | | Severance | | | | $102,022.33 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18   Employee 7 Severance | | Severance | | | | $99,266.78 |
| 19   Employee 8 Severance | | Severance | | | | $90,213.18 |
| 20   Employee 9 Severance | | Severance | | | | $88,556.97 |
| 21   Employee 10 Severance | | Severance | | | | $88,556.97 |
| 22   Employee 11 Severance | | Severance | | | | $79,873.58 |
| 23   Employee 12 Severance | | Severance | | | | $78,887.47 |
| 24   Employee 13 Severance | | Severance | | | | $77,563.69 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Employee 14 Severance | | Severance | | | | $68,130.32 |
| 26 | Employee 15 Severance | | Severance | | | | $67,082.08 |
| 27 | Employee 16 Severance | | Severance | | | | $65,143.67 |
| 28 | Employee 17 Severance | | Severance | | | | $64,985.80 |
| 29 | Phoenix Marketing Solutions 121 Chanlon Road Suite 300 New Providence, NJ 07974 United States | Amy Savage PHONE: 908-222-4870 EMAIL: asavage@phoenixgrp.net | Trade Payable | | | | $64,359.18 |
| 30 | Employee 18 Severance | | Severance | | | | $62,889.42 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Aralez Pharmaceuticals US Inc., | : | Case No. 18-_____ (        ) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |

--------------------------------------------------------x

## LIST OF EQUITY HOLDERS AND CORPORATE OWNERSHIP
## STATEMENT OF ARALEZ PHARMACEUTICALS US INC.
## <u>PURSUANT TO BANKRUPTCY RULES 1007(a)(3) AND 7007.1</u>

Aralez Pharmaceuticals US Inc. is a wholly-owned subsidiary of POZEN Inc., which is a wholly-owned subsidiary of Aralez Pharmaceuticals Holdings Limited, which is a wholly-owned subsidiary of Aralez Pharmaceuticals Inc.

As of the Petition Date, no entity owns ten percent (10%) or more of Aralez Pharmaceuticals Inc.'s equity interests.

**Fill in this information to identify the case and this filing:**

Debtor Name  Aralez Pharmaceuticals US Inc.

United States Bankruptcy Court for the: Southern            District of New York
                                                                              (State)

Case number (*If known*):  18-

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors           12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☑  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a declaration: *List of Equity Holders and Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(3) and 7007.1*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08 / 10 / 2018          /s/ Michael Kaseta
            MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                         Michael Kaseta
                                         Printed name

                                         Authorized Signatory
                                         Position or relationship to debtor