UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Aralez Pharmaceuticals US Inc., et al.[1], | : | Case No. 18-12425 (MG) |
| | : | |
| Debtor | : | (Jointly Administered) |

-------------------------------------------------------x

## ORDER OF FINAL DECREE CLOSING CHAPTER 11 CASE AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") of the debtor in the above-captioned case (the "**Debtor**") for entry of a final decree (the "**Final Decree**") closing its chapter 11 case pursuant to sections 105(a) and 350(a) of title of the United States Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure and granting related relief; and it appearing that notice was given in accordance with the Motion; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interest of the Debtor and its estate; and sufficient cause appearing therefore; it is hereby:

ORDERED, ADJUDGED and DECREED that:

1. The Motion is granted to the extent provided herein.

2. Capitalized terms not otherwise defined herein have the meanings given them in the Motion.

---

[1] As of the date hereof, only the chapter 11 case of Aralez Pharmaceuticals US Inc. remains open. The last four digits of its federal taxpayer identification number are (6948). Previous debtors whose cases have been closed and the last four digits of each of their respective federal taxpayer identification numbers are as follows: Aralez Pharmaceuticals Holdings Limited (5824); Aralez Pharmaceuticals Management Inc. (7166); POZEN Inc. (7552); Aralez Pharmaceuticals Trading DAC (1627); Aralez Pharmaceuticals R&D Inc. (9731); Halton Laboratories LLC (9342). For purposes of the chapter 11 case, the Debtor's mailing address is Aralez Pharmaceuticals, c/o Prime Clerk LLC, P.O. Box 329003, Brooklyn, NY 11232.

3. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the case for Aralez Pharmaceuticals US Inc. administered under In re Aralez Pharmaceuticals US Inc., Case No. 18-12425 (MG) (the "**Case**") is closed.

4. At any time, the Debtor may seek to reopen the Case pursuant to section 350(b) of the Bankruptcy Code and Bankruptcy Rule 5010 by filing a Notice of Proposed Order with the Court on twenty-one (21) days' notice to the Notice Parties. If no objection to the proposed order is received within twenty-one (21) days of the Notice of Proposed Order, the Court may enter the proposed order without a hearing and without further action by the Debtor.

5. All U.S. Trustee Fees due and owing in connection with the Case, if any, shall be paid when due.

6. The closing of the Case will in no way prejudice the holder of an Allowed Claim's rights to receive distributions under the Plan, nor will the closing of the Case otherwise alter or modify the terms of the Plan.

7. Upon completion of the services set forth below, the official claims and noticing services (the "**Prime Clerk Services**") provided by Prime Clerk LLC pursuant to the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 29(the "**Prime Clerk Retention Order**") shall be terminated, and Prime Clerk shall have no further obligations under the Prime Clerk Retention Order to the Court, the Debtors or any other party interest with respect to the Prime Clerk Services.

8. At the Debtor's expense, Prime Clerk shall: (a) prepare a final claim register for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c); (b) box and transport all claims to the Federal Archives, at the direction of the Clerk's Office; (c) coordinate with the Debtor and, to the extent applicable, the Clerk's Office, to

maintain an orderly transfer of record keeping functions, including providing the necessary staff, services and assistance required for such orderly transfer; (d) serve the Final Decree in accordance with the Plan and (e) file a certificate of service on the docket in connection therewith.

9. This Court shall retain jurisdiction over all matters arising in, arising under, or related to the APUS Case, including with respect to all matters described in Article XIII of the Plan.

**IT IS SO ORDERED.**

Dated:  October 2, 2019
        New York, New York

  _____/s/ Martin Glenn_____
  MARTIN GLENN
  United States Bankruptcy Judge